## SAMUEL C. NEAL

### *v*.

## THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

STATUTE OF LIMITATIONS—*claim must be filed within two years.* Unless claim for damages for overflow of land alleged to have been caused by erection of dam by the State, is filed within two years after cause of action accrues, same is barred by statute of limitations.

This cause was submitted upon claimant's petition filed April 20, 1880, and his amendment thereto and the plea of the State of Illinois thereto and the depositions in said cause on the part of the claimant and the documentary evidence on the part of the State.

Petitioner claims damages to certain real estate owned by him in the county of Peoria in the State of Illinois, in sections 23, 36 and 35, in township 20 north range 8 east of the 4th P. M., being the east one-half of the southeast quarter and the southwest quarter of the southeast quarter of section 23; part of the southwest quarter of section 26 and the northwest fractional quarter of section 35, in all 260 acres, of which 175 acres are said to have been damaged consequent upon the erection of the lock and dam at Copperas Creek on the Illinois river, built by authority of the State of Illinois.

It is not stated either in the petition or in the evidence on the part of the claimant when said lock and dam were completed or the cause of action arose except that it is stated in his amended petition that the cause of action arose within two years of the time of the filing of said petition.

The State alleges by way of defense that said claim was not filed according to law within two years from the time the cause of action arose nor was it proven up within that time and that the claim is barred by the statute of limitations applicable in such cases.

The Commissoin finds on examination of the testimony

that said lock and dam were completed on or about the 21st day of October, 1877, and as matter of law that said claimant's cause of action arose at that time, if any he had, (as to the merits of which we express no opinion,) and that therefore said claim was not filed within two years from the time it arose and is barred by the statute of limitations.

We therefore find the issues for the State and against the claimant and award him nothing. For more specific reasons for holding this claim barred see opinion in Fairbanks v. The State, decided at this term.

Claim rejected.